## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

SHARON MEADOWS,

           Plaintiff,

v.                                    CIVIL ACTION NO. 5:09-cv-01127

GREENBRIER V.M.C., LLC,

           Defendant.

### MEMORANDUM OPINION AND ORDER

The Court has reviewed Plaintiff Sharon Meadow's Motion to Remand [Docket 10]; Plaintiff's Motion for Leave to Amend [Docket 15]; former Defendants Dr. Mark Byrd and Greenbrier Physicians, Inc.'s Motions to Dismiss Amended Complaint [Docket 3] and for Entry of Order of Partial Dismissal [Docket 11]; and Plaintiff's Motion to Extend Time to Respond to Defendants' Motion to Dismiss Amended Complaint [Docket 17]. In her motion to remand, Plaintiff also seeks to be awarded the costs that she incurred in this Court due to Defendants' removal.

### I. BACKGROUND

This civil action was originally filed in Greenbrier County Circuit Court on August 27, 2009. An amended complaint was filed on September 15, 2009. Plaintiff Sharon Meadows stated claims of breach of contract, breach of implied contract and wrongful dismissal, wrongful discharge, retaliatory discharge, and breach of promise against current Defendant, Greenbrier V.M.C., LLC, and prior Defendants, Dr. Mark Byrd and Greenbrier Physicians, Inc.

On October 15, 2009, Defendants filed a joint notice of removal. They argued that this Court had jurisdiction by reason of 28 U.S.C. § 1332(a)(1), diversity of citizenship, because Defendant Greenbrier V.M.C., LLC, is a corporation organized and existing under the laws of Tennessee, and that it is facially apparent that Plaintiff stated claims in excess of the $75,000 statutory threshold. Defendants also argued that the action was properly removed under 28 U.S.C. § 1441(a). Defendants claimed that Defendants Dr. Mark Byrd and Greenbrier Physicians, Inc., were fraudulently joined, and that none of the parties properly joined and served as defendants were citizens of West Virginia. On November 16, 2009, Plaintiff filed her motion to remand, including a request for attorney's fees, and on November 30, 2009, Defendants Dr. Mark Byrd and Greenbrier Physicians filed a timely response discussing fraudulent joinder. On November 20, 2009, Plaintiff filed a motion for leave to amend, seeking to add two additional, non-diverse defendants and three additional claims of negligent infliction of emotional distress, intentional/reckless infliction of emotional distress and interference with third-party employment relationship. On December 15, 2009, the Court entered the Agreed Order of Partial Dismissal which dismissed Defendants, Dr. Mark Byrd and Greenbrier Physicians, Inc, from this action.

## II. APPLICABLE LAW

*A. Plaintiff's Motion to Remand*

This Court has original jurisdiction of all civil actions between citizens of different states where the matter in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a)(1). Additionally, a civil action filed in state court over which the United States district courts have original jurisdiction may be removed by the defendant or the defendants to the district court for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a). The

right of a defendant to remove a case is evaluated based on the record as it stands at the time that the removal notice was filed. *See Pullman Co. v. Jenkins,* 305 U.S. 534, 537 (1939); *Wickline v. Dutch Run-Mays Draft, LLC,*, 606 F. Supp. 2d 633, 637 (S.D. W. Va. 2009) (Johnston, J). *See also Rowland v. Patterson*, 882 F.2d 97, 99 (4th Cir. 1989) (stating that "to support diversity jurisdiction in removed cases, diversity must have existed both at the time the action was originally commenced in state court and at the time of filing the petition for removal").

### B. Plaintiff's Motion for Leave to Amend

A party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice requires. Fed. R. Civ. P. 15(a)(2). The Fourth Circuit has interpreted Rule 15(a) to mean that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The decision to grant leave to amend a pleading is within the sound discretion of the district court, but that discretion is limited by the general policy of favoring the resolution of cases on the merits. *See Foman*, 371 U.S. at 182. A court's decision on whether to amend a pleading should focus "on prejudice or futility or bad faith as the only legitimate concerns in denying leave to amend, since only these truly relate to protection of the judicial system or other litigants." *Davis v. Piper Aircraft Co.*, 615 F.2d 606, 613 (4th Cir. 1980). "Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing." *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006). The court in *Laber* stated that "[a] common example of a prejudicial amendment is one that raises a new legal theory that would require the gathering and analysis of facts not already

considered by the [defendant, and] is offered shortly before or during trial." *Id.* (citations omitted). Further, "[a]n amendment is not prejudicial, by contrast, if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred." *Id.* (quoting *Davis*, 615 F.2d at 613) (stating that "[b]ecause defendant was from the outset made fully aware of the events giving rise to the action, an allowance of the amendment could not in any way prejudice the preparation of the defendant's case.")

### III. DISCUSSION

The Court will discuss Plaintiff's respective motions in turn.

*A. Plaintiff's Motion to Remand*

At the time that Plaintiff filed her Motion to Remand, the only Defendants who could defeat diversity were Dr. Mark Byrd and Greenbrier Physicians, Inc. Since that time, both of those Defendants have been dismissed from the case.[1] Greenbrier V.M.C., LLC, the diverse defendant in this case, is now the only defendant in this case. Accordingly, there is diversity of citizenship per 28 U.S.C. § 1332(a)(1).

Plaintiff's amended complaint is silent as to the exact amount of damages that she is seeking, and Defendants in this case, through their notice of removal, state that it is "facially apparent" that the damages requested by Plaintiff exceed the threshold of $75,000. (Docket 1 at ¶ 7) Plaintiff does not contest that damages exceed the threshold. In Plaintiff's motion to remand, Plaintiff only challenges the fraudulent joinder issue; she does not contest that the damages being sought exceed

---

[1] As Dr. Mark Byrd and Greenbrier Physicians, Inc., are no longer parties to this case, the Court need not address the fraudulent joinder issue that they had raised in the notice of removal and their Motion to Dismiss and Response in Opposition to Motion to Remand.

$75,000. Accordingly, the Court, having given consideration to the face of the complaint and to Plaintiff's failure to contest the requisite jurisdictional amount, finds that it is more likely than not that the damages sought by Plaintiff exceed $75,000.

Since Defendants had a reasonable basis for removing this action, the Court finds that an order awarding Plaintiff the costs that she incurred due to Defendants' removal would not be appropriate.

### B. Plaintiff's Motion for Leave to Amend

In her Motion for Leave to Amend, Plaintiff states that the presentation of the merits of the underlying cause of action shall be served by granting her Motion, and that Defendant shall not be prejudiced; that her amendment shall not effect discovery because no discovery has occurred; and that the interests of justice are properly served by the granting of this motion. Defendant Greenbrier V.M.C., LLC, opposes Plaintiff's Motion for Leave to Amend. In its response, Defendant states that it does not consent to such leave; that the three proposed additional causes of action are not based upon new information, and that the "'interests of justice' cited by Plaintiff should not and do not allow Plaintiff the freedom to continue to add new causes of action against the Defendant whenever they happen to occur to her." (Docket 28 at 2).

However, despite this claim by Defendant, no prejudice will arise from allowing Plaintiff to amend her complaint. The proposed additional causes of action merely add additional theories of recovery to the facts already pled, and this does not create prejudice. *See Laber*, 438 F.3d at 427; *Davis*, 615 F.2d at 613. Further, Defendant has ample time to conduct discovery and to meet the new causes of action. The Court has no information that contravenes Plaintiff's representation that an amended Complaint is necessary for a full adjudication on the merits. Given the liberal policy

5

of allowing amendments pursuant to Rule 15(a), this Court finds that granting Plaintiff leave to amend is appropriate.[2]

## IV. CONCLUSION

The Court **ORDERS** Plaintiff's Motion to Remand [Docket 10] **DENIED** and Plaintiff's Motion for Leave to Amend [Docket 15] **GRANTED**. The Court **DENIES** Plaintiff's request for costs incurred by Defendant's removal. The Court further **ORDERS** former Defendants Dr. Mark Byrd and Greenbrier Physicians, Inc.,'s Motions to Dismiss Amended Complaint [Docket 3] and for Entry of Order of Partial Dismissal [Docket 11] and Plaintiff's Motion to Extend Time to Respond to Defendants' Motion to Dismiss Amended Complaint [Docket 17] **DENIED** as **MOOT**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                      ENTER:      April 7, 2010

IRENE C. BERGER, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

---

[2] The Court takes no position as to whether the joinder of the new parties proposed by Plaintiff is appropriate, as the Court does not have sufficient information at this time to make such a determination.